UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL RUFFIN EL,
    Plaintiff,

vs.

UNITED STATES,
    Defendant.

Case No. 1:24-mc-007
Hopkins, J.
Litkovitz, M.J.

REPORT AND RECOMMENDATION

On April 15, 2024, plaintiff Michael Ruffin El filed a document entitled "US SUPREMACY CLS IN EQUITY (8 Stat. 154) BILL OF ASSIGNMENT AND SALE IN EQUITY US Registered Mail – RE 564 045 122 US." (Doc. 1). On April 24, 2024, the Court ordered plaintiff to clarify the nature of his claim and provide the facts underlying his claim, the nature of his injury, and the relief requested from the Court. (Doc. 2). The Court further ordered him to either pay the fulling filing fee of $405.00 or submit a motion to proceed *in forma pauperis*. (*Id.*). To facilitate plaintiff's ability to proceed pro se, the Clerk of Court was directed to send plaintiff a form civil complaint packet. (*Id.*). The Court specifically informed plaintiff that failing to complete the designated tasks within thirty days of the Order "will result" in closing the case. (Doc. 2 at PAGEID 13).

The Clerk mailed plaintiff, at the address he provided, a copy of the Court's Order and a civil complaint packet, but the mail was returned to sender marked "NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD." (Doc. 3 at PAGEID 14). More than thirty days have elapsed since the Court entered its Order, but plaintiff has not contacted the Court or provided any other documents or information.

A pro se litigant has an affirmative duty to diligently pursue the prosecution of his cause of action, *see Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991), as well as a duty to supply the

Court with notice of any and all changes in his address. *See Barber v. Runyon,* No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (citing *Pena v. Seguros La Commercial, S.A.,* 770 F.2d 811, 815 (9th Cir. 1985)). District courts have the power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.,* 370 U.S. 626, 630-31 (1962). By failing to keep the Court apprised of his current address and failing to comply with the Court's prior Order, plaintiff has failed to diligently pursue the prosecution of this action. Plaintiff's failure to do so warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan*, 951 F.2d at 109-10.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's "Bill of Assignment and Sale in Equity" be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 6/14/2024

Karen L. Litkovitz
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL RUFFIN EL,
    Plaintiff,

vs.

UNITED STATES,
    Defendant.

Case No. 1:24-mc-007

Hopkins, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).